| | |
|---|---|
| **TIFFANY & BOSCO** P.A.<br>2525 E. CAMELBACK ROAD<br>SUITE 300<br>PHOENIX, ARIZONA 85016<br>TELEPHONE: (602) 255-6000<br>FACSIMILE: (602) 255-0192<br>Mark S. Bosco<br>State Bar No. 010167<br>Leonard J. McDonald<br>State Bar No. 014228<br>Attorneys for Movant<br>09-20471 | **IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**<br>The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.<br>**Dated: March 24, 2010** <br><br>_____<br>**RANDOLPH J. HAINES**<br>**U.S. Bankruptcy Judge** |

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Christopher J. Hillyer and Elisabeth Anne Hillyer<br>        Debtors.<br>_____<br>Wells Fargo Bank, N.A.<br><br>        Movant,<br>  vs.<br><br>Christopher J. Hillyer and Elisabeth Anne Hillyer,<br>Debtors; Edward J. Maney, Trustee.<br><br>        Respondents. | No. 2:09-bk-18506-RJH<br><br>Chapter 13<br><br>(Related to Docket #21)<br><br>**ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF** |

    IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Maricopa County, Arizona Recorder's Office, wherein Christopher J.

Hillyer and Elisabeth Anne Hillyer, are designated as trustors and Wells Fargo Bank, N.A. is the current beneficiary, which Deed of Trust encumbers the following described real property:

> Lot Two Hundred Six (206), CLEARVIEW EIGHT, according to the plat of record in the office of the Maricopa County Recorder in Book 160 of Maps, page 45.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---:|
| 3 Monthly Payments(s) at $1,621.85 | $4,865.55 |
| (December 16, 2009 - March 1, 2010) | |
| 4 Late Charge(s) at $64.87 | $259.48 |
| (December 16, 2009 - March 16, 2010) | |
| NSF Fees | $25.00 |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $800.00 |
| Total | $6,100.03 |

1. The total arrearage shall be paid in six monthly installments. Payments one through five (1-5) in the amount of $1,016.68 shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the April 15, 2010 payment and continuing throughout and concluding on or before August 15, 2010. The sixth final payment in the amount of $1,016.63 shall be paid on or before September 15, 2010.

2. In addition to the payment listed in Paragraph 1, the Debtors, will make the regular post-petition payment due for April 1, 2010, which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Wells Fargo Bank, N.A. as the current beneficiary under the above described Deed of Trust agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Order are complied with. In the event of default in

making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:09-bk-18506-RJH is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Wells Fargo Bank, N.A., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of 2010.

_____
UNITED STATES BANKRUPTCY JUDGE