```
                                        IT IS HEREBY ADJUDGED
                                        and DECREED this is SO
                                        ORDERED.
                                        The party obtaining this order is responsible for
                                        noticing it pursuant to Local Rule 9022-1.
```


1  .Jackson D. Moll (026556)              **Dated: April 27, 2010**
   **PHILLIPS & ASSOCIATES**
2  20 E. Thomas Road, Suite 2600
   Phoenix, Arizona 85012
3  Tel:   602.258.8900                    *Randolph J. Haines*
   Fax:   602.230.2027                    _____
4  Email: jacksonm@phillipslaw.ws         RANDOLPH J. HAINES
                                          U.S. Bankruptcy Judge
5  Attorney for Debtors

6            IN THE UNITED STATES BANKRUPTCY COURT

7              FOR THE DISTRICT OF ARIZONA

8  In re:                              | In Proceedings Under Chapter 13

9  CHRISTOPHER J. HILLYER,             | Case No. 2:09-bk-18506-RJH
10 xxx-xx-0054,
                                         **STIPULATED ORDER CONFIRMING
11 and                                   CHAPTER 13 PLAN AND APPLICATION FOR
                                         PAYMENT OF ADMINISTRATIVE EXPENSE**
12 ELISABETH ANNE HILLYER,
   xxx-xx-9097,
13
   2109 E. Janice Way.
14 Phoenix, AZ 85022

15 Debtors.

16     The Chapter 13 Plan having been properly noticed out to creditors,

17     **IT IS ORDERED** Confirming the Plan of Debtors as follows:

18 1.  **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of
19     future income to the Trustee for distribution under the Plan.

20     a.   <u>Future Earnings or Income.</u> Debtors shall make the following monthly Plan Payments:
            Months                                               Payments
21          1-12 (September 2009-August 2010)                    $625.00
            13-15 (September 2010-November 2010)                 $785.00
22          16-60 (December 2010-August 2014)                    $855.00

23     The payment are due on or before the **3rd day** of each month commencing <u>September 3, 2009</u>.

24     Debtors are advised that when payments are remitted late, additional interest may accrue
       on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any**
25     **funding shortfall must be cured before the plan can be discharged.**

26     The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income
       tax returns for all years while in the bankruptcy case, within 30 days of filing. The
27     purpose is to assist the Trustee in determining any change in debtor's annual disposable
       income.
28
       b.   <u>Other Property.</u> Debtors shall submit any net tax refunds for the duration of the Plan as
            supplemental plan payments.

1  2.  **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3.  **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

   a.  Administrative expenses. Trustee shall receive such percentage fee of Plan payments as may be periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10 %.

   Attorney Fees. Phillips & Associates shall be allowed total fees in the amount of $3,590.00. Counsel received $2,590.00 prior to filing this case and will be paid $1,000.00 by the Chapter 13 Trustee.

   b.  Claims Secured by Real Property.
   **American General Home Equity, Inc**, secured by lien on Debtors' residence located at 2109 E. Janice Way, Phoenix, AZ and recorded at the Maricopa County Recorder at record number 2008-0217391 is hereby determined to be a wholly unsecured claim and is hereby avoided; and any claim of American General Home Equity Inc. or its successors and/or assigns filed as a secured claim in this case is hereby re-classified as a general unsecured claim and shall be paid as a general unsecured claim under the Plan; the Court further finds that service of the Plan and Notice of Date to File Objections to Chapter 13 Plan were properly served upon an officer of American General Home Equity Inc., Rick Geissinger, President & CEO, in accordance with the Certificates of Service of the Bankruptcy Noticing Center filed at ECF #9 and ECF #10.

   **Wells Fargo Home Mortgage**, secured by lien on Debtors' residence located at 2109 E. Janice Way, Phoenix, AZ, shall not be paid through the Plan. Regular post-petition payments shall be paid outside the Plan direct to the secured creditor by the Debtors.

   c.  Claims Secured by Personal Property.
   **HSBC Auto Finance**, secured by a 2004 Kia Sorrento, shall be paid $9,030.00 together with interest at 4.25%. The creditor shall receive adequate protection payments of $95.00 per month. This claim is bifurcated and the balance of the claim shall be classified and paid as general unsecured claim.

   **HSBC/Roomstore** secured by three beds, four dressers, four nightstands, one coffee table, and one end table, shall not be paid due to the creditor not filing a proof of claim.

   d.  Priority Claims. None.

   e.  Leases or Executory Contracts.
   The following leases and/or executory contracts are rejected or assumed as follows:

   | Party | Description | Action |
   |---|---|---|
   | Verizon Wireless 3033 | Cellular Services | Assume |
   | Verizon Wireless 9097 | Cellular Services | Assume |
   | Pure Fitness | Gym Membership | Reject |
   | Pure Fitness | Gym Membership | Reject |
   | Pure Fitness | Gym Membership | Reject |

   f.  Other Provisions. None.

g. <u>Unsecured Claims.</u> All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of the payments under the Plan pro rata. Any unsecured debt balance remaining unpaid at the end of the Plan shall be discharged. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate shall revest in the Debtors upon confirmation of the Plan.

Dated:_____

_____
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

PHILLIPS & ASSOCIATES

By:_____
Jackson D. Moll
20 E. Thomas Road., Suite 2600
Phoenix, AZ 85012
Attorneys for Debtors

EDWARD J. MANEY
Standing Chapter 13 Trustee

By:_____
Edward J. Maney, Trustee
Ronald L. Hoffbauer, Staff Attorney
P.O. Box 10434
Phoenix, AZ 85064

**CERTIFICATION OF DEBTORS:** I, Christopher J. Hillyer and I, Elisabeth Anne Hillyer, hereby certify as follows:

1. I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve same; and

2. I have filed all applicable Federal, State, and local tax returns as required by 11 U.S.C. § 1308; and

3. I have no domestic support obligations.

_____
Christopher J. Hillyer

_____
Elisabeth Anne Hillyer

**Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.
(1) Administrative Expenses: ........................................... $1,000.00
(2) Priority Claims ..................................................... $0.00
(3) Payments on Leases or to Cure Defaults, Including Interest ........... $0.00
(4) Payments on Secured Claims, Including Interest .................... $9,364.74
(5) Payments on Unsecured, Nonpriority Claims ....................... $33,339.65
(6) SUBTOTAL ....................................................... $43,704.39
(7) Trustee's Compensation (10% of Debtor's Payments) ................ $4,370.61
(8) Total Plan Payments ............................................. $48,075.00

**Section 1325 analysis.**
(1) Best Interest of Creditors Test:
    (a) Value of debtor's interest in nonexempt property ............ $2,273.02
    (b) Plus: Value of property recoverable under avoiding powers ....... $0.00
    (c) Less: Estimated Chapter 7 administrative expenses ............ $568.02
    (d) Less: Amount payable to unsecured, priority creditors ........... $0.00
    (e) **Equals:** Est. amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 ............................................................ $1,704.76

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
    (a) Amount from Line 58, Form B22C, Statement of Current Monthly Income ................................................................ $690.29
    (b) Applicable Commitment Period ..................................... x 60
    (c) Section 1325(b) amount ((b)(1) amount times 60) ............... $41,417.40

(3) Estimated Payment to Unsecured, Nonpriority Creditors Under the Plan ........... $22,483.11